**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA**

| | | |
|---|---|---|
| **CODY FORD**, | : | |
| | : | |
| Plaintiff, | : | |
| | : | Civil Action No.: |
| v. | : | |
| | : | |
| **SHARKNINJA OPERATING LLC**, | : | **JURY TRIAL DEMANDED** |
| | : | |
| Defendant. | : | |

**COMPLAINT**

Plaintiff, **CODY FORD**, (hereinafter referred to as "Plaintiff"), by and through her undersigned counsel, **JOHNSON BECKER, PLLC**, upon information and belief, at all times hereinafter mentioned, alleges as follows:

**NATURE OF THE CASE**

1.    This is a product liability action seeking recovery for substantial personal injuries and damages suffered by Plaintiff after Plaintiff was seriously injured by a "Ninja Professional Plus Blender."

2.    Defendant SharkaNinja Operating LLC manufactures, markets, imports, distributes and sell a wide-range of consumer products, including the subject "Ninja Professional Plus Blender" (hereafter referred to as "subject blender" or "Ninja blender(s)") that is at issue in this case.

3.    On or about February 19, 2023, Plaintiff suffered serious and substantial laceration injuries as the direct and proximate result of the Ninja blender's blade assembly being improperly and safely packaged.

1

4.    Specifically, while attending her bridal shower, Plaintiff opened the box and reached in to pull out the blender. When she reached in, she was cut by the loose-sitting blade assembly that was improperly packaged in the box.

5.    As a direct and proximate result of Defendant's conduct, the Plaintiff in this case incurred significant and painful bodily injuries, medical expenses, wage loss, physical pain, mental anguish, and diminished enjoyment of life.

## THE PARTIES

6.    Plaintiff is a resident of the City of Sarasota, County of Sarasota State of Florida and remains domiciled in the same. Plaintiff is therefore a resident and citizen of Florida for the purposes of diversity jurisdiction under 28 U.S.C. § 1332

7.    Defendant SharkNinja designs, manufacturers, markets, imports, distributes and sells a variety of consumer products, including the subject Ninja blender.

8.    Defendant SharkNinja is a limited liability company organized under the laws of the State of Delaware with its principal place of business in Massachusetts, whose sole member is EP Midco LLC, a Massachusetts limited liability company created and organized under the laws of the State of Delaware with its principal place of business in Massachusetts, whose sole member is Global Appliance, LLC, a Delaware limited liability company with its principal place of business in Massachusetts, whose sole member is Global Appliance UK Holdco Ltd., a corporation organized under the laws of the United Kingdom with its principal place of business located in England. SharkNinja is therefore a citizen of the United Kingdom and England for the purposes of diversity jurisdiction under 28 U.S.C. § 1332.

## JURISDICTION AND VENUE

9.    This Court has subject matter jurisdiction over this case pursuant to diversity jurisdiction

2

prescribed by 28 U.S.C. § 1332 because the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and there is complete diversity between the parties.

10.    Venue is proper in this Court pursuant to 28 U.S.C. §1391 because Plaintiff is a resident and citizen of this District.

11.    Venue is also proper in this Court pursuant to 28 U.S.C. § 1391 because Defendant has sufficient minimum contacts with the Florida and intentionally availed itself of the markets within Florida through the promotion, sale, marketing, and distribution of its products

### **FACTUAL BACKGROUND**

12.    Defendant SharkNinja is engaged in the business of designing, manufacturing, warranting, marketing, importing, distributing and selling the blenders at issue in this litigation.

13.    Ninja blenders, including the Ninja blender that injured Plaintiff, essentially have three main components: a base unit which contains a high-speed motor and a gear shaft ("motor base"); a pitcher, which locks on to the motor base; and a stacked blade assembly with six sharp blades which is dropped onto the gear shaft ("blade assembly").

14.    The blade assembly does not lock into place and is not otherwise secured to the gear shaft. Instead, the blade assembly sits "loosely onto the drive gear"[1] and is packaged seperately.

15.    Defendant SharkNinja became aware of the dangers of its "loose" blade assembly as early as November 12, 2015, when, in conjunction with the Consumer Product Safety Commission (CPSC), it recalled roughly 1.1. million of its Ninja BL 660 series blenders for this exact defect.[2]

16.    According to the CPSC, the firm received 53 reports of lacerations caused by the stacked

---

[1] *See* BL642 30 Owner's Manual, p. 12.
[2] *See* the CPSC Recall Notice from November 12, 2015 (https://www.cpsc.gov/Recalls/2016/Laceration-Injuries-Prompt-SharkNinja-to-Recall-Ninja-BL660-Blenders)

blade assembly falling out of the pitcher when consumers poured or inverted the pitcher after removing the lid with the blade assembly still inside.[3]

17.     Despite its knowledge of this defect, Defendant SharkNinja has continued to sell and design blenders with loose, unsecured blade assemblies, including blenders like the subject blender.

18.     On or about, Plaintiff was attending her bridal shower, where she received the subject blender as a gift.



*Plaintiff at her bridal shower just prior to opening the subject blender*

19.     Plaintiff reached her left hand inside the box. Unbeknownst to Plaintiff, the loose sitting "stack bladed assembly" was not appropriately packaged or protected. The blade immediately and severely lacerated her left pinky finger.

---

[3] *Id.*

20.    Plaintiff was taken to Urgent Care where she received 7 stitches. She was seen the by a hand surgeon the following day, where she was diagnosed with a severed nerve and two severed tendons.

21.    Plaintiff *attempted* to use her Ninja blender in a manner that was reasonable and foreseeable by Defendant.

22.    However, the aforementioned Ninja blender was defectively designed and manufactured by Defendant in that its loose, unsecured blade assembly was improperly packaged.

23.    Defendant's Ninja blenders possess defects that make them unreasonably dangerous for their intended use by consumers.

24.    Economic, safer alternative designs were available that could have prevented the Ninja blender's blade for lacerating an unwary consumer.

25.    As a direct and proximate result of Defendant's intentional concealment of such defects, its failure to remove a product with such defects from the stream of commerce, and its negligent design of such products, Plaintiff used an unreasonably dangerous blender, which resulted in significant and painful bodily injuries.

26.    Consequently, the Plaintiff in this case seeks damages resulting from the use of Defendant's blender as described above, which has caused the Plaintiff to suffer from serious bodily injuries, medical expenses, physical pain, mental anguish, diminished enjoyment of life, and other damages.

**CLAIMS FOR RELIEF**

**COUNT I**
**STRICT LIABILITY**

27.    Plaintiff incorporates by reference each preceding and succeeding paragraph as though set forth fully at length herein.

5

28.     At the time of Plaintiff's injuries, Defendant's blenders were defective and unreasonably dangerous for use by foreseeable consumers, including Plaintiff.

29.     Defendant's blenders were in the same or substantially similar condition as when they left the possession of Defendant.

30.     Plaintiff did not misuse or materially alter the subject blender; nor did she have an opportunity do so.

31.     The blenders did not perform as safely as an ordinary consumer would have expected them to perform when used in a reasonably foreseeable way.

32.     Further, a reasonable person would conclude that the possibility and serious of harm outweighs the burden or cost of making the blenders safe. Specifically:

   a.   The blenders designed, manufactured, sold, and supplied by Defendant were defectively designed and placed into the stream of commerce in a defective and unreasonably dangerous condition for consumers;

   b.   The seriousness of the potential laceration injuries resulting from the product drastically outweighs any benefit that could be derived from its normal, intended use;

   c.   Defendant failed to properly market, design, manufacture, package, distribute, supply, and sell the blenders, despite having extensive knowledge that the aforementioned injuries could and did occur; and

   e.   Defendant failed to warn and place adequate warnings and instructions on the blenders' packaging.

33.     Defendant's actions and omissions were the direct and proximate cause of the Plaintiff's injuries and damages.

   **WHEREFORE**, Plaintiff demands judgment in her favor and against Defendant for damages, together with interest, costs of suit, and all such other relief as the Court deems proper. Plaintiff reserves the right to amend the complaint to seek punitive damages if and when evidence or facts supporting such allegations are discovered.

## COUNT II

## <u>NEGLIGENCE</u>

34.    Plaintiff incorporates by reference each preceding and succeeding paragraph as though set forth fully at length herein.

35.    Defendant has a duty of reasonable care to design, manufacture, market, and sell non-defective blenders that are reasonably safe for their intended uses by consumers, such as Plaintiff and her family.

36.    Defendant failed to exercise ordinary care in the manufacture, sale, warnings, quality assurance, quality control, distribution, advertising, packaging, sale and marketing of its blenders in that Defendant knew or should have known that said blenders created a high risk of unreasonable harm to the Plaintiff and consumers alike.

37.    Defendant was negligent in the design, manufacture, advertising, warning, marketing, packaging and sale of its blenders in that, among other things, it:

   a. Failed to use due care in designing and manufacturing the blenders to avoid the aforementioned risks to individuals;

   b. Placed an unsafe product into the stream of commerce;

   c. Were otherwise careless or negligent.

38.    Despite the fact that Defendant knew or should have known that its Ninja blenders were dangerously defective and could cause the injuries described herein, Defendant continued to market its Ninja blenders to the general public (and continues to do so).

   **WHEREFORE**, Plaintiff demands judgment in her favor and against Defendant for damages, together with interest, costs of suit, attorneys' fees, and all such other relief as the Court deems proper.  Plaintiff reserves the right to amend the complaint to seek punitive damages if and when evidence or facts supporting such allegations are discovered.

## DEMAND FOR JURY TRIAL

Plaintiff demands that all issues of fact of this case be tried to a properly impaneled jury to the extent permitted under the law.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff demands judgment against the SharkNinja for damages, including punitive damages if applicable, to which she is entitled by law, as well as all costs of this action and interest to the full extent of the law, whether arising under the common law and/or statutory law, including:

a. judgment for Plaintiff and against SharkNinja;

b. damages to compensate Plaintiff for their injuries, economic losses and pain and suffering sustained as a result of the use of the SharkNinja's subject blender;

c. pre and post judgment interest at the lawful rate;

d. an order allowing leave to amend her complaint to allow punitive on all applicable Counts as permitted by the law;

e. a trial by jury on all issues of the case; and

f. for any other relief as this Court may deem equitable and just, or that may be available under the law of another forum to the extent the law of another forum is applied, including but not limited to all reliefs prayed for in this Complaint and in the foregoing Prayer for Relief.

**JOHNSON BECKER, PLLC**

Dated: January 30, 2025

*/s/ Lisa A. Gorshe, Esq.*
Lisa A. Gorshe, Esq. (FL #122180)
444 Cedar Street, Suite 1800
St. Paul, MN 55101
Tel.: (612) 436-1800
Fax: (612) 436-1801
lgorshe@johnsonbecker.com

***Attorneys for Plaintiff***

8